## I. B. Wootan v. The State.

No. 7750.   Decided January 2, 1923.

**Selling Intoxicating Liquor—Sufficiency of the Evidence—Indictment—Service of Copy.**

Where, upon trial of the sale of intoxicating liquor, defendant complained that he had never been served with a true copy of the indictment, but it developed that the copy served upon defendant was correct as to the first count in the indictment and the district attorney was permitted to dismiss as to the second count, and the evidence was sufficient to support the conviction, there is no reversible error.—Following Wimberly v. State, 252 S. W. Rep., 787.

Appeal from the District Court of Llano.   Tried below before the Honorable J. H. McLean.

Appeal from a conviction of misdemeanor theft; penalty, a fine two years in the penitentiary.

The opinion states the case.

*Flack & Flack*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor.  Punishment, two years in the penitentiary.

The evidence is sufficient to support the verdict and judgment. Only one question of law is presented.  The indictment contained two counts.   The first charged the sale of liquor to one Willbern, the second charged that appellant "furnished" liquor to said Willbern. Appellant was arrested and placed in jail, and on June 19th, 1922 was served with a purported copy of the indictment.   He was released on bond June 26th, 1922.  When the case was called for trial at the December term of court, appellant declined to plead, insisting that he had never been served with a true copy of the indictment.   It developed that the copy served upon appellant was correct as to the first count charging a sale, but in copying the second count the clerk had omitted the word "intoxication," making it appear in the second count as though appellant was charged with furnishing "liquors capable of producing ——————."   When this defect in the second count (as it appeared in the copy of the indictment served upon appellant) was made known to the court the district attorney with the court's permission, dismissed as to the second count, and appellant over protest was forced to trial upon the first count, a correct copy of which had been served upon him.   Wimberly v. State, 94 Texas Crim. Rep., 253, 252 S. W. Rep., 787 is direct authority sustaining the action of the court in the matter complained of.

The judgment is affirmed.

*Affirmed.*